United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS SHARRON PIGGEE, | No. C 14-4089 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| UNITED STATES MARSHALL'S OFFICE; MARK A. FLOREZ; C. HART; M. CAMPI; M. SOLDIVAR, | |
| Defendants. / | |

Plaintiff, a federal pretrial detainee at the Glenn E. Dyer detention facility in Oakland, California, filed this civil rights action claiming that defendants violated his right to due process by placing him in administrative segregation without notice or a hearing. The original complaint was dismissed with leave to file a signed amended complaint, which plaintiff has done (dkt. 5). After reviewing the amended complaint, it is ordered served upon defendants.

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

When liberally construed, plaintiff's allegations that he was placed in isolation for administrative purposes without notice or a hearing do not, without more allegations as to the nature and duration of his segregation, amount to a violation of his federal constitutional right to due process. Allegations by a prisoner that he was denied due process in connection with the decision to administratively segregate him do not present a constitutionally cognizable claim, absent a showing that the specific deprivation at play constitutes a deprivation of "real substance." *See, e.g., May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) (mere placement in administrative segregation not enough to state claim). Generally, "real substance" will be limited to freedom from (1) a restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or (2) state action that "will inevitably affect the duration of [a] sentence." *Sandin v. Conner*, 515 U.S. 472, 484-87 (1995). A temporary placement in isolation does not satisfy this test. *Mujahid v. Meyer*, 59 F.3d 931, 932 (9th Cir. 1995) (despite prior case law determining disciplinary regulations created liberty interest, under *Sandin* no liberty interest when inmate placed in disciplinary segregation for 14 days); *see also Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (loss of mere opportunity to earn good time credits because of placement in administrative segregation does not create

protected liberty interest).

Plaintiff will be given leave to file an amended complaint in which he alleges that the deprivation he suffered in administrative segregation amounted to a deprivation of "real substance" within the meaning of *Sandin*, provided he can make such an allegation in good faith. If he does so, the case will proceed. If he does not, the case will be dismissed.

The complaint is **DISMISSED** with leave to amend, as described above, within **28 days** of the date this order is filed. The amended complaint must include the caption used in this order and the civil case number C 14-4089 WHA (PR) and the words SECOND AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of this case</u>.

IT IS SO ORDERED.

Dated: October   28  , 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3